OLF3 (Official Local Form 3)

United States Bankruptcy Court
District of Massachusetts, Boston Division

In re:                                                                                          Case No. **1:21-bk-10236**
**Burdick, Mark L.**                                                                   Chapter **13**
                                        Debtor(s)

## CHAPTER 13 PLAN

Check one. This plan is:
**[X]** Original
**[ ]** ____ Amended (Identify First, Second, Third, etc.)
**[ ]** Postconfirmation (Date Order Confirming Plan Was Entered: ____)

Date this plan was filed: **March 17, 2021**

### PART 1:                                                                     NOTICES

TO ALL INTERESTED PARTIES:
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

TO CREDITORS:
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney must file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. To receive a distribution, you must file a Proof of Claim.

TO DEBTOR(S):
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.
FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.

| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | **[X]** Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.B.3 | [ ] Included | **[X]** Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | <> Not included |

### PART 2:                                                      PLAN LENGTH AND PAYMENTS

A.    LENGTH OF PLAN:

**[x]** 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
**[ ]** 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

OLF3 (Official Local Form 3)

[ ] Months pursuant to 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

B.    PROPOSED MONTHLY PAYMENTS:

| Monthly Payment Amount | Number of Months |
|---|---|
| **1,000.00** | **36** |

C.    ADDITIONAL PAYMENT(S):

**[X]** None. If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.

Total amount of Payments to the Trustee [B+C]:                                                                   $ **36,000.00**
This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line (h).

| PART 3: | SECURED CLAIMS |
|---|---|

**[ x ]** None. If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.

| PART 4: | PRIORITY CLAIMS |
|---|---|

Check one.
[ ] None. If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.

[x] The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.

A.    DOMESTIC SUPPORT OBLIGATIONS:

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B.    OTHER PRIORITY CLAIMS (Except Administrative Expenses):

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total of Priority Claims (except Administrative Expenses) to be paid through this Plan: $**0.00**

C.    ADMINISTRATIVE EXPENSES:

    1.    ATTORNEY'S FEES:

| Name of Attorney | Attorney's Fees |
|---|---|
| Kovacs Law, P.C. | **4,788.00** |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR, Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

    2.    OTHER (Describe):
        **None**
Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [1 + 2]: $ **4,788.00**

    3.    TRUSTEE'S COMMISSION:

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

OLF3 (Official Local Form 3)

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

## PART 5: NONPRIORITY UNSECURED CLAIMS

Check one.
[ ] None. If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.

[X] Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.

    [X] Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $ **0.00**, which the Debtor(s) estimates will provide a dividend of **00**%.
    [ ] Fixed Percentage: each creditor with an allowed claim shall receive no less than ____% of its allowed claim.

A. GENERAL UNSECURED CLAIMS: $ **23,990.96**

B. UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

C. NONDISCHARGEABLE UNSECURED CLAIMS (e.g., student loans):

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

D. CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

E. TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:

The amount paid to any nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

Total Nonpriority Unsecured Claims [A + B + C + D]: $23,990.96

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: $ 0.00

F. SEPARATELY CLASSIFIED UNSECURED CLAIMS (e.g., co-borrower):

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis of Separate Classification |
|---|---|---|---|---|
| None | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: $**0.00**

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Check one.
[X] None. If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.

OLF3 (Official Local Form 3)

## PART 7: POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8: NONSTANDARD PLAN PROVISIONS

Check one.
[ ]  None. If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.
[x]  This Plan includes the following nonstandard provisions. Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.

The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.

1. The Debtor(s) are authorized without further order of the Court to use property of the estate in the ordinary course of their affairs to pay ordinary living expenses materially consistent with the expenses and payroll deductions reflected on the most recent Schedule "I" and "J" filed by the Debtor(s), as may be subsequently amended or supplemented.

2. The Trustee shall pay allowed administrative fees and expenses due attorney in the first 12 months of the plan or at such later date as approved by the Court.

3. To the extent that the Debtor(s) are receiving or become entitled to receive a social security benefit, such amounts are not payable to creditors, see 42 U.S.C §407. The Debtor(s) may use such funds at their discretion to fund the plan.

4. Unless stated otherwise in this plan, secured lenders will retain their pre-bankruptcy lien until such a time as it satisfied or otherwise extinguished or determined invalid under non-bankruptcy law.

5. Treatment of secured lender mortgage

   5.a Adequate Protection

| Creditor | Treatment of claim |
|---|---|
| SN SERVICING CORPORATION<br><br>US Bank National Association | **Adequate Protection**<br><br>The Chapter 13 Trustee is to make monthly adequate protection payments to the secured lender in the total amount of $27,612.00 over the life of this plan. Monthly the Trustee shall disburse $767.00 Said payment shall include impounding for property tax.<br><br>The adequate protection payment shall cease upon the earliest of (1) dismissal of case, (2) conversation of case to another chapter, (3) the filing of a further amended plan, (4) Approval by the Court of a Home loan Modification or motion to incur debt to refinance home, (5) Order of the Court to cease the payments on Motion of the Debtor or other  interested party , OR (7) The Court granting relief from the automatic stay as to the subject property.<br><br>Property Address:<br>172 King St<br>Groveland MA 01834-2013 |

OLF3 (Official Local Form 3)

| | |
|---|---|
| | See Essex County Registry of Deeds<br><br>Mortgage<br>Book / Page 21705-002 |

5.b. Cure:

| Creditor | Treatment |
|---|---|
| SN SERVICING CORPORATION<br><br>US Bank National Association | **MORTGAGE CURE / PAID IN FULL**<br><br>Subject to further order and approval by this court. The Debtor is to seek a reverse mortgage on his real estate to cure and pay in full the mortgage debt.<br><br>property address:<br>172 King St<br>Groveland MA 01834-2013<br><br>See Essex County Registry of Deeds<br><br>Mortgage<br>Book / Page 21705-002 |

6. The plan payment calculation in Part No. 8 of this plan shall control over that in Exhibit No. 1.

CALCULATION OF PLAN PAYMENT

| | |
|---|---|
| a) Secured claims (Part 3.A and Part 3.B.1-3 Total): | $ **0.00** |
| b) Priority claims (Part 4.A and Part 4.B Total): | $ **0.00** |
| c) Administrative expenses (Part 4.C.1 and Part 4.C.2 Total): | $ **4,788.00** |
| d) Nonpriority unsecured claims (Part 5.E Total): | $ **0.00** |
| e) Separately classified unsecured claims (Part 5.F Total): | $ **0.00** |
| f) Executory contract/lease arrears claims (Part 6 Total): | $ 0.00 |
| g) payments due under Part No. 8 | $27,612.00 |
| h) Total of (a) +(b) + (c) + (d) + (e) + (f) + (h): | $ 32,400.00 |
| i) Divide (h) by .90 for total Cost of Plan including the Trustee's fee: | $36,000.00 |
| j) Divide (h), Cost of Plan, by term of Plan, **36**months: | $ 1,000.00 |
| k) Round up to the nearest dollar amount for Plan payment: | $ 1,000.00 |

OLF3 (Official Local Form 3)

| PART 9: | SIGNATURES |
|---|---|

By signing this document, the Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

*/s/ Mark L. Burdick*            **March 16, 2021**
Debtor            Date

           **March 16, 2021**
Debtor            Date

*/s/ Mr. Robert W. Kovacs Jr.*            **March 16, 2021**
Signature of attorney for Debtor(s)            Date
Print name: **Mr. Robert W. Kovacs Jr.**
BBO Number (if applicable):**671497 MA**
Firm name (if applicable):Kovacs Law, P.C.
Telephone: 508-926-8833
Email Address:**robert@kovacslawfirm.com**

The following Exhibits are filed with this plan:

[x] Exhibit 1: Calculation of Plan Payment*
[x] Exhibit 2: Liquidation Analysis*
[ ] Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
[ ] Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

List additional exhibits if applicable.

*denotes a required exhibit
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

Total number of Plan pages, including Exhibits: __8__

# EXHIBIT 1
# CALCULATION OF PLAN PAYMENT

| | |
|---|---|
| a) Secured claims (Part 3.A and Part 3.B.1-3 Total): | $ **0.00** |
| b) Priority claims (Part 4.A and Part 4.B Total): | $ **0.00** |
| c) Administrative expenses (Part 4.C.1 and Part 4.C.2 Total): | $ **4,788.00** |
| d) Nonpriority unsecured claims (Part 5.E Total): | $ **0.00** |
| e) Separately classified unsecured claims (Part 5.F Total): | $ **0.00** |
| f) Executory contract/lease arrears claims (Part 6 Total): | $ 0.00 |
| g) Total of (a) +(b) + (c) + (d) + (e) + (f): | $ **4,788.00** |
| h) Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $ **5,320.00** |
| i) Divide (h), Cost of Plan, by term of Plan, **36** months: | $ **147.7777778** |
| j) Round up to the nearest dollar amount for Plan payment: | $ **148.00** |

If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete (a) through (h) only and the following:

OLF3 (Official Local Form 3)

k) Enter total amount of payments the Debtor(s) has paid to the Trustee:     $ _____

l) Subtract line (k) from line (h) and enter amount here:     $ _____

m) Divide line (l) by the number of months remaining ( _____ months):     $ _____

n) Round up to the nearest dollar amount for amended Plan payment:     $ _____

Date the amended Plan payment shall begin:     _____

# EXHIBIT 2
# LIQUIDATION ANALYSIS

A. REAL PROPERTY

| Address (Sch. A/B, Part 1) | Value (Sch. A/B, Part 1) | Total Liens (Sch. D, Part 1) | Exemption Claimed (Sch. C) |
|---|---|---|---|
| 172 King St, Groveland, MA 01834-2013 | **622,836.00** | **139,727.35** | **500,000.00** |

Total Value of Real Property (Sch. A/B, line 55): $ **622,836.00**
Total Net Equity for Real Property (Value Less Liens): $ **483,108.65**
Less Total Exemptions for Real Property (Sch. C): $ **483,108.65**
    Amount Real Property Available in Chapter 7: $ **0.00**

B. MOTOR VEHICLES

| Make, Model and Year (Sch. A/B, Part 2) | Value (Sch. A/B, Part 2) | Amount of Liens (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| 1994 Honda Gold Wing | 500.00 | 0.00 | 500.00 |
| 2000 Audi A6 | 2,325.00 | 0.00 | 15,000.00 |
| 1960 Ford Thunderbird | 5,000.00 | 0 | 5,000.00 |

Total Value of Motor Vehicles: $ 7**,825.00**
Total Net Equity for Motor Vehicles (Value Less Liens): $ 7**,825.00**
Less Total Exemptions for Motor Vehicles (Sch. C): $7,825.**00**
    Amount Motor Vehicle Available in Chapter 7: $ **0.00**

C. ALL OTHER ASSETS (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Liens (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| Cash on hand | 500.00 | 0.00 | 2,500.00 |
| Citizens Bank | 1,500.00 | 0.00 | 2,500.00 |
| Clothing | 1,000.00 | 0.00 | 100% |
| Home insurance: Merrimack Mutual Fire Ins. Co. | Unknown | 0.00 | 0.00 |
| Personal jewelry | 1,000.00 | 0.00 | 1,225.00 |
| Personal medical devices, including eye glasses | 0.00 | 0.00 | 100% |
| usual and customary household electronics | 1,000.00 | 0.00 | 1,000.00 |
| Usual and customary household good, furnishings, home appliances | 7,000.00 | 0.00 | 7,000.00 |

Total Value of All Other Assets: $ **12,000.00**
Total Net Equity for All Other Assets (Value Less Liens): $ **12,000.00**
    Amount All Other Assets Available in Chapter 7: $ **0.00**

OLF3 (Official Local Form 3)

D. <u>SUMMARY OF LIQUIDATION ANALYSIS</u>

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (Exhibit 2, A.) | $ <u>0.00</u> |
| B. Amount Motor Vehicles Available in Chapter 7 (Exhibit 2, B.) | $ <u>0.00</u> |
| C. Amount All Other Assets Available in Chapter 7 (Exhibit 2, C.) | $ <u>0.00</u> |
| TOTAL AVAILABLE IN CHAPTER 7: | $ <u>0.00</u> |

E. <u>ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:</u>

1. Property with an "unknown" value may impact on the liquidation analysis.